FIRST NATIONAL BANK OF GREENVILLE ET AL. *v.* H. M. MONTGOMERY.

1. TROVER. *Pleading. Evidence. Description of property.*

While the same particularity of description of the property in trover is not required as formerly, it still is necessary that the *res*, for the conversion of which the action is brought, should be at least generally described in the declaration and identified by the evidence.

2. SAME. *Insufficient identification of property. Case.*

In such action, where the declaration alleges the conversion of an entire stock of merchandise, consisting of numerous and different kinds of articles, and the evidence shows the conversion of only part of the stock, without designation of the quantity, character or class to which the converted articles belong, plaintiffs are not entitled to a verdict, and an instruction for defendant is proper.

FROM the circuit court of Sunflower county.

HON. R. W. WILLIAMSON, Judge.

Appellants owned a stock of goods in a store in Sunflower county, Mississippi, and they instituted this action of trover against the appellee, Montgomery, for the alleged conversion of the same. The goods are described in the declaration as

consisting of a great many different kinds of articles, the whole being of the value of $2,500. The evidence tended to show that defendant had received goods to the value of about $175. The court below held that this was too indefinite, and instructed the jury to find for defendant. Verdict and judgment accordingly. Plaintiffs appeal. The opinion contains a further statement of the case.

*Jayne & Watson,* for appellants.

Trover was maintainable. Abbott's Trial Evidence, page 626. The description of the articles converted is sufficient. The value, and not the thing, is recoverable in this action. Generally the articles should be specified, but as the object in specifying is to constitute the verdict a bar in a subsequent action, the description of all the goods at a certain place is sufficient. Chitty's Pleading, 392. However, no objection was made to the form of action or pleadings.

There was sufficient evidence to permit the case to go to the jury. The court should not have instructed for defendant. *Kelog* v. *Hamilton* (Miss.), 10 So. Rep., 429.

Whether Whitehead had been constituted the agent of plaintiffs was a question of fact for the jury.

*A. G. Paxton,* on the same side.

If the defendant had wrongfully taken the goods of plaintiffs and mingled them with his own, the whole could have been taken. Cooley on Torts, page 52. This is not a case of confusion of goods, but the principle applies. What particular goods defendant received could not be shown, but plaintiffs established that he had received some of the goods. Shall he be permitted to go free because of plaintiffs' lack of proof of what goods he received? The defendant could have easily given a description of the goods. When plaintiffs showed that defendant had taken some of the goods, then it was incumbent on defendant to show what particular goods he had received, if the description was material. In any

event he must pay the value of the goods received, no matter what the description.

*Calhoon & Green* and *T. R. Baird,* for appellee.

1. There was no proof tending to show what chattels had been converted. The declaration alleges the conversion of a large stock of merchandise, consisting of various articles, but the evidence only tends to show that defendant purchased a small quantity of goods without describing or in any way identifying the same. The gist of the action being a conversion, and the value being merely the measure of damages, proof merely of value is not an identification of the articles. 3 Robinson Prac., 442.

2. Under the allegation of the conversion of the whole stock, plaintiffs' effort to show the conversion of an indefinite portion was a variance. There was no allegation to which the proof, as made, could be applied, and therefore the instruction to find for defendant was correct.

COOPER, J., delivered the opinion of the court.

The insuperable obstacle to a recovery by the plaintiffs in this action is the want of identification, by the evidence, of the goods of the plaintiffs which came to the hands of the defendant, and were by him converted. Not only does the evidence fail to show the quantity and character of the several articles, or the value of any one of them, but it also fails to suggest the class to which they or any of them belong. The whole proof is that out of a stock of goods, such as are usually kept by a country merchant, the defendant got goods of some sort of about the value of $175. This, we think, is too indefinite to warrant a recovery in this action.

The plaintiffs counted for the entire stock of goods situated in their store-house in the town of Bairds. It may be conceded, for the purposes of this examination, that the description of the property would have been sufficient to support a verdict if the evidence had shown a conversion of the whole stock by the defendant, or that there was any concerted ac-

tion between him and Whitehead, by whom, according to the evidence of the plaintiffs, the entire stock was converted. In *Edgerly* v. *Emerson*, 23 N. H., 555, a very similar description was held insufficient, even after verdict, and the judgment was arrested. But, if the description should be held sufficient, as applied to the whole stock, the difficulty of the plaintiffs' situation is not obviated, for the evidence tends only to show the conversion of some indefinite quantity of goods, of an uncertain character, worth about $175. It is true the same particularity of description of the property is not now required as formerly, and that less is necessary than in detinue or replevin, in which the specific thing is sought to be recovered. But, though the action of trover is now considered as one for damages, and greater liberality prevails in relation to the description of the property, it is yet necessary that the *res*, for the conversion of which the action is brought, should be at least generally described in the declaration, and identified by the evidence. It has been held that trover "for four hundred ends of deal-boards" was a sufficient description, because the words had a known meaning to the trade; and so for "two packs of flax and two of hemp," without setting out the weight or quantity, and for "three ricks or stacks of straw," without alleging the quantity in each, and for "six parcels of lead," and for "a library of books," without expressing what the books were. *Taylor* v. *Wells*, 2 Saunders, 74, and note. But in all these cases the nature of the articles taken is at least generically given.

The evidence here tends only to show that personal property of some character, such as would be found in a mercantile establishment, of the value of $175, was taken and converted by the defendant. We have been able to find no precedent which would support a verdict on this evidence in an action of trover, and the judgment of the court below must be—                                        *Affirmed.*

Campbell, C. J., being disqualified by reason of interest, took no part in this decision.